IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| UNITED STATES OF AMERICA, | ORDER |
|---|---|
| Plaintiff, | |
| | 17-cr-72-wmc |
| v. | |
| DERRICK JOHNSON, | |
| Defendant. | |

---

A final hearing was held on January 30, 2018, in the above-captioned matter. The government appeared by assistant United States attorneys Julie Pfluger and Corey Stephan; defendant appeared in person and by attorneys Kelly Welsh and Peter Moyers. At that hearing, the court made a number of rulings with respect to the parties' motions *in limine*. Consistent with those rulings, the court issues the following order.

ORDER

IT IS ORDERED that:

1. The government's motion in limine to bar jury nullification arguments (dkt. #39) is GRANTED without limiting defendant's legitimate arguments on the merits, including his willingness to admit guilt to the distribution charge, while arguing he is unwilling to do so with respect to a crime he did not commit.

2. The government's motion in limine to preclude argument that defendant's carrying of the firearm was lawful (dkt. #40) is GRANTED.

3. The government's motion in limine to preclude testimony or argument about penalties (dkt. #41) is GRANTED.

4. The government's motion in limine to preclude the definition of reasonable doubt (dkt. #42) is GRANTED.

5. The government's motion in limine to preclude testimony or argument as to brandishing (dkt. #43) is DENIED except that defendant may only introduce that term or any similar term as a factual description rather than an alternative legal charge or theory.

6. The defendant's motion in limine on the admissibility of any Rule 404(b) evidence (dkt. #32) is GRANTED with the clarification that this ruling does not exclude the introduction of previously disclosed evidence under the *Duran* factors.

7. The defendant's motion in limine on exclusion of surveillance videos (dkt. #33) is DENIED with the clarification that the introduction of video 165533 will be restricted to frames 1-172 and video 164608 will be restricted to frames 1-435. Additionally, the videos may be played only during testimony by an arresting officer to supplement his description of the events surrounding defendant's arrest.

8. The defendant's motion in limine on exclusion of testimony regarding hollow point bullet (dkt. #34) is GRANTED.

9. The defendant's motion in limine on exclusion of testimony regarding defendant's past police contacts (dkt. #35) is GRANTED, except that the arresting officers may state that they were acting on an outstanding warrant for the defendant's arrest.

10. The defendant's motion in limine on exclusion of testimony regarding the downtown safety initiative (dkt. #36) is GRANTED.

11. The defendant's motion in limine on exclusion of testimony regarding shots-fired incident and ballistic information alert (dkt. #37) is GRANTED.

12. The defendant's motion in limine on exclusion of testimony regarding ski mask (dkt. #38) is GRANTED.

13. The defendant's motion in limine to exclude evidence of whether defendant possessed a CCW permit (dkt. #46) is RESERVED pending additional briefing by the parties. This evidence is, however, EXCLUDED without further order of the court.

14. The defendant's motion in limine on precautions for hybrid testimony of Officer Buccellato (dkt. #47) is DENIED AS MOOT given the government's agreement to only call him as a fact witness.

15. The defendant's motion in limine to exclude expert testimonies of David Hannon and Undre Ludington (dkt. #48) is also DENIED AS MOOT as to David Hannon; and RESERVED as to Undre Ludington pending the parties advising by Thursday if a stipulation may be reached.

16. The defendant's motion in limine to exclude expert testimony of Michael Aalto and Joe Buccellato or, in the alternative, hold a *Daubert* hearing on their proffered

testimony (dkt. #49) is DENIED with the clarification that neither may opine on the ultimate issue of whether the defendant possessed a gun "in furtherance" of his admitted drug trafficking.

Entered this 31st day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge